**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5257**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RAYVON GREGORY BROWN, a/k/a Ray-Ray,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, District Judge.  (5:06-cr-00029-GEC-JGW-1)

Submitted:  January 28, 2010          Decided:  February 11, 2010

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Andrea Lantz Harris, Assistant Federal Public Defender, Charlottesville, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rayvon Gregory Brown pled guilty to conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2009); four counts of distribution or possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C) (West 1999 & Supp. 2009); and two counts of distribution or possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2009). He previously appealed his 324-month sentence, and we remanded his case for resentencing in light of Kimbrough v. United States, 552 U.S. 85 (2007).[1] On remand, the district court reduced Brown's sentence to 235 months' imprisonment.[2] Brown argues on appeal that his sentence is unreasonable because the district court refused to consider the crack/powder disparity in the sentencing guidelines despite this court's

_____

[1] In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes . . . ." 552 U.S. at 110.

[2] While Brown's first appeal was pending, the district court reduced Brown's sentence to 262 months' imprisonment based on the amended guidelines for crack cocaine offenses.

2

instructions on remand to explicitly consider Kimbrough. Finding no reversible error, we affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. After determining whether the district court properly calculated the defendant's advisory guideline range, we consider whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review") (internal quotations omitted). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court presumes on appeal that a sentence within a properly calculated advisory guidelines range is reasonable. Rita v. United States, 551 U.S. 338, 347 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

3

We conclude that Brown's sentence is both procedurally and substantively reasonable. Brown's argument that the district court failed to consider a variant sentence under Kimbrough is without merit. On remand, defense counsel clearly argued for a further reduction to Brown's sentence in light of Kimbrough. The district court understood this court's remand and the discretion it was afforded to consider the crack/powder disparity and to further reduce Brown's sentence. However, after hearing the parties' arguments and in considering the § 3553(a) factors, the court explicitly found that the crack/powder disparity did not justify a further variance from the guidelines range. Nevertheless, the district court reduced Brown's sentence based on other considerations. Brown's within-guidelines sentence is presumptively reasonable on appeal, and Brown has not rebutted that presumption. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (stating presumption may be rebutted by showing sentence is unreasonable when measured against the § 3553(a) factors). Thus, the district court did not abuse its discretion in imposing the chosen sentence.

Accordingly, we affirm Brown's sentence and deny his motion to remand in full. We dispense with oral argument because the facts and legal contentions are adequately presented

4

in the materials before the court and argument would not aid the decisional process.

AFFIRMED